IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

KRISTEN GALBAN, individually and on
behalf of all others similarly situated,

Plaintiff,

                                          **Case Number: 1:22-cv-4917**

v.

INSTITUTE FOR THE INTERNATIONAL
EDUCATION OF STUDENTS, an Illinois
not-for-profit corporation,

Defendant.

**ORDER PRELIMINARILY APPROVING SETTLEMENT**

The Court, having reviewed the Settlement Agreement entered by the Parties, and the papers filed in support, hereby orders that:

1.      The Court has considered the proposed Settlement of the claims asserted in the above-captioned action, of the proposed Settlement Class defined as:

> All students who participated in IES Abroad's Spring 2020 program in Vienna, Austria and who directly paid IES Abroad for tuition and housing costs for that program.

2.      The Settlement Agreement filed by the Parties appears, upon preliminary review, to be fair, reasonable, and adequate to the Settlement Class, and the Court will likely be able to approve the Settlement under Fed. R. Civ. P. 23(e)(2). Accordingly, the proposed Settlement therein is preliminarily approved, pending a Final Approval Hearing, as provided for herein.

3.      All terms have the same meaning in this Order that is ascribed to them in the Settlement Agreement.

**QUESTIONS? VISIT covidchicagofeesettlement.com.**

**DO NOT CONTACT THE JUDGE OR THE COURT WITH ANY QUESTIONS.**

4. The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been preliminarily satisfied, for settlement purposes only, in that:

 a. The Settlement Class together consists of eighty-six students;

 b. The claims of the Class Representative are typical of those of the other members of the Settlement Class;

 c. There are questions of fact and law that are common to all members of the Settlement Class; and

 d. The Class Representative will fairly and adequately protect the interests of the Settlement Class and have retained Class Counsel experienced in consumer class action litigation who have, and will continue to, adequately represent the Settlement Class.

5. For settlement purposes only, the Court finds that this action is preliminarily maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (1) a class action is a fair and efficient adjudication of this controversy; and (2) questions of fact and law common to the members of the Settlement Class predominate over any questions affecting only individual members.

6. If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason before the Effective Date, the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or

2

**DO NOT CONTACT THE JUDGE OR THE COURT WITH ANY QUESTIONS.**

filed with the Court. In that event, this Order shall not have any precedential effect with respect to a litigated class certification motion.

7.     The Court appoints the Class Representative to represent the Class. The Court also appoints Varnell & Warwick, P.A. as counsel for the Class ("Class Counsel"). The Court also approves American Legal Claims as the Settlement Administrator.

8.     The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on June 24, 2026, at 11:00 a.m. for the following purposes:

a.  To determine whether the proposed Settlement is fair, reasonable, and adequate and should be granted final approval by the Court;

b.  To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Settlement Agreement;

c.  To consider the application of Class Counsel for an award of attorneys' fees, costs, and for a service award to the Class Representatives; and

d.  To rule upon other such matters as the Court may deem appropriate.

A courtroom will be assigned fourteen (14) days before the scheduled Final Approval Hearing.

9.     Defendant is to provide data regarding members of the Potential Settlement Class. The Settlement Administrator is to (i) send notice of the proposed settlement to the Attorney General of the State of Illinois, the Attorney General of the United States, and the appropriate State official of each State in which any Settlement Class Member resides in compliance with the requirements of the Class Action Fairness Act and (ii) implement the notice plan in accordance with the Settlement Agreement's terms and timelines. To the extent the Parties or Settlement Administrator determine that ministerial changes to the notice plan are necessary before

**DO NOT CONTACT THE JUDGE OR THE COURT WITH ANY QUESTIONS.**

disseminating notice to the Settlement Class Members, they may make such changes without further application to the Court.

10.     The Court finds, on a preliminary basis, the notice plan to fully satisfy the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

11.     If a Settlement Class Member chooses to opt out of the Settlement Class, such Class Member is required to submit a written request for exclusion to the Settlement Administrator by mail, postmarked on or before the date specified in the Settlement Agreement, which shall be no later than March 16, 2026 (the "Objection/Exclusion Deadline"). The request must state "I do not want to be part of the Settlement Class in *Galban v. IES Abroad*," or words to that effect, and must be sent via U.S. mail to the Claims Administrator, signed, and include the individual's name, address, and either a telephone number or email address.  A Settlement Class Member who timely submits an opt-out using the procedure identified above shall be excluded from the Settlement Class for any and all purposes.

12.     A Settlement Class Member who does not timely submit a request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action.

13.     Any Settlement Class Member who wishes for any objection to be considered must mail their written objection(s) to the Clerk of Court and mail a copy to Class Counsel and IES Abroad's Counsel on or before the Objection/Exclusion Deadline (March 16, 2026). The objection must be personally signed by the objecting Settlement Class Member and must (i) state that the person objecting is a Settlement Class Member; (ii) state the case name and number; (iii) state the name, address, email, and telephone number of the objecting Settlement Class member; (iv) contain a statement that includes all objections and provides the specific reasons for all objections,

**DO NOT CONTACT THE JUDGE OR THE COURT WITH ANY QUESTIONS.**

including any legal arguments and evidentiary support (including copies of any documents relied upon); and (v) include a statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, with or without counsel.

14.     Any Settlement Class Member who fails to timely file and serve a written objection pursuant to the terms of this Order and the Settlement Agreement shall not be permitted to object to the approval of the Settlement or the Settlement Agreement and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

15.     All briefs, memoranda, petitions, and affidavits to be filed in support of an individual award to each of the Class Representatives and for an award of attorney's fees and costs shall be filed not later than fourteen (14) days before the Objection/Exclusion Deadline, that is by and including March 2, 2026.

16.     All briefs, memoranda, petitions, and affidavits to be filed in support of final approval of the Settlement shall be filed not later than ten (10) days before the Final Approval Hearing, that is by and including June 12, 2026.

17.     Neither this Order, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against the Defendant or any of the Released IES Abroad Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims.  This Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by the Defendant or any of the Released IES Abroad Parties. The preliminary approval of the Settlement Agreement does not constitute any opinion, position, or determination

5

**DO NOT CONTACT THE JUDGE OR THE COURT WITH ANY QUESTIONS.**

of this Court, one way or the other, as to the merits of the claims and defenses of the Class Representatives, the Settlement Class Members, or the Defendant.

It is SO ORDERED.

Date: January 29, 2026

/s/ Joan B. Gottschall
United States District Judge

**DO NOT CONTACT THE JUDGE OR THE COURT WITH ANY QUESTIONS.**